MIDVILLE ESTATES, INC., Landlord, Appellant, *v.* SYLVIA COBEY, Tenant, Respondent, and NEVA A. MOYERS, Undertenant ■

Supreme Court, Appellate Term, First Department, June 12, 1946.

*Sylvia Cobey*, respondent in person.

*Louis H. Samuels* for appellant.

MEMORANDUM *Per Curiam*. For several years prior to March 1, 1945, the tenant-respondent had occupied the apartment described in the petition herein under a yearly tenancy.

It was undisputed that on or about March 1, 1945, the tenant, with the landlord's consent, underlet to Lieutenant Moyers, Neva A. Moyers, his wife, a lieutenant in the WAVES, remaining in possession after her husband was transferred to the Philippines. The landlord found the undertenant.

On or about July 1, 1945, respondent's tenancy was renewed for another year beginning October 1, 1945, and ending September 30, 1946.

By letter dated June 13, 1945, respondent was notified by the landlord that " this year we are not permitting the subletting of any apartment and if you wish to sublet the same we suggest you make other arrangements because in that case your tenancy will be terminated by us."

The petition alleges that the underletting constituted a breach and default by the tenant in the fulfillment of the covenants of the lease other than a covenant for the payment of rent, and that on November 2, 1945, a notice of intention to end the term of the lease was thereafter given to the tenant, and that accordingly her term expired November 5, 1945.

This summary proceeding was brought against the tenant and the undertenant Neva A. Moyers December 2, 1945.

The petition was properly dismissed by the Trial Judge.

The mere expiration of the tenant's term did not warrant dispossession of the tenant (Rent Regulation for Housing in New York City Defense-Rental Area, § 6, subd. [a]; 8 Federal Register 13917). It was necessary for the landlord to allege and prove (§ 6, subd. [a], par. [3]; 8 Federal Register 13918) not only a violation of a substantial covenant of the tenancy, other than an obligation to pay rent, but also that the tenant continued, or failed to cure, such violation " after written notice by the landlord that the violation cease ", and no such notice was either pleaded or proved.

Further, the underletting to Moyers was made by consent of the landlord on or about March 1, 1945; such underletting to one found by the landlord was not a violation of the covenants of the existing lease, and the tenant could not, in December, 1945, under the housing regulations evict the subtenant for holding over.

The motion for reargument should be granted, and upon reargument order of this court dated May 2, 1946, vacated, and final order affirmed, with $25 costs.

HAMMER, EDER and HECHT, JJ., concur.

Motion granted and order affirmed.